UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH HARRISON,

       Petitioner,

v.                                                      Case No. 2:10-cv-188
                                                             HON. R ALLAN EDGAR

CATHERINE BAUMAN,

       Respondent.
_____/

## REPORT AND RECOMMENDATION

       Petitioner Kenneth Harrison filed this petition for writ of habeas corpus challenging his conviction for possession of child sexually abusive material in violation of § 750.145(C)(4)(A). Petitioner pleaded guilty and was sentenced to 18 months to 4 years. That sentence expired on January 22, 2011. Petitioner is no longer held in prison on that conviction. Petitioner was convicted on four unrelated charges involving counterfeiting notes and currently has a maximum discharge date of December 5, 2026 on those unrelated convictions. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

       On January 23, 2007, petitioner pleaded guilty to the charge of possessing child pornography on his computer. Petitioner never admitted to downloading the one photograph of child

pornography himself, but did indicate that he was aware that the image was downloaded on his computer and that he waited overnight or at least one day before he attempted to delete the image. Petitioner stated another individual who had used his computer downloaded the image. After some initial discussion the court accepted petitioner's plea. Petitioner indicated that he was voluntarily pleading guilty and that he was not coerced and that he understood that he was giving up his rights to be presumed innocent until proven guilty, to a trial by jury, to have witnesses appear against him, to testify at a trial, to have witnesses appear on his behalf, and to remain silent. Petitioner understood that any appeal of his conviction would be by leave to appeal and not direct appeal. Petitioner admitted to possession of child pornography.

Petitioner was appointed appellate counsel. Leave to appeal to the Michigan Court of Appeals was never filed. Petitioner signed an affidavit indicating that after reviewing his case with counsel "it is my desire to cease all proceedings required in connection with the appellate proceedings. . . ." Petitioner now claims that his affidavit was defective because it was not based upon personal knowledge. Nevertheless, petitioner never sought timely leave to appeal his conviction.

Over two years later petitioner filed a motion for relief from judgment. Petitioner's motion was denied in the trial court based upon MCR 6.508(D)(3). Both the Michigan Court of Appeals and the Michigan Supreme Court denied petitioner leave to appeal under MCR 6.508(D). The petition raises the following claims:

> I. Trial counsel rendered ineffective assistance by failing to investigate a defense.
>
> II. The prosecutor withheld exculpatory evidence, in violation of petitioner's right to due process.

>III. The image was seized without a warrant or an exception to the warrant requirement.
>
>IV. Appellate counsel rendered ineffective assistance by failing to file an appeal raising the foregoing claims.

Petitioner has filed multiple motions in this court for leave to file an amended petition. Petitioner has explained that his amended petition will explain the reason for his failure to file a timely appeal of his conviction in the state courts. On February 29, 2012, Petitioner filed an amended petition for writ of habeas corpus raising two claims:

>I. Petitioner Kenneth Harrison is entitled to habeas review of his claims under 28 U.S.C. § 2244 (d)(1)(B), because the State of Michigan created a State impediment to petitioner's timely filing a petition for habeas relief.
>
>II. Petitioner is entitled to an evidentiary hearing in the U.S. District Court pursuant to 2254(d) because petitioner's attorneys were constitutionally ineffective under the Sixth Amendment of the U.S. Constitution, by failing to discovery exculpatory evidence establishing petitioner's innocence.

It appears that petitioner is not abandoning his original claims, but is supplementing his petition and not truly amending his original petition. In other words, the court should give petitioner the benefit of the doubt and still consider the original claims although they were not raised in the amended petition. Without the original petition, the court would be left only with argumentative claims that alone could not possibly support a petition for writ of habeas corpus.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state

court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at

410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Respondent first argues that the petition is barred because it was filed more than one year after petitioner's conviction became final. Petitioner has asserted that his failure to file a timely appeal was due to attorney error and that newly discovered evidence establishes that he is actually innocent of possession of child pornography.

28 U.S.C. § 2244(d)(1), which was enacted on April 24, 1996, as part of the AEDPA provides a one-year statute of limitations for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Supreme Court recently held that an application is "properly filed" "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 121 S. Ct. 361, 363 (2000).

Petitioner sets forth two reasons why this limitations period should not apply in this case. First, petitioner asserts that the affidavit he signed was not proper because it was prepared by his appellate attorney and all he did was sign it upon presentation by his attorney. Petitioner asserts that the affidavit did not comply with State law and was not made on personal knowledge. Petitioner claims that the affidavit was a State created impediment to his filing of an appeal of his conviction based upon his guilty plea. Clearly, the affidavit that petitioner signed was not a "State created impediment." Petitioner has not asserted that he involuntarily or unknowingly signed the affidavit. Moreover, petitioner was fully aware that no appeal was timely filed from his guilty plea conviction. It is clear that petitioner cannot use his affidavit as an excuse to circumvent 28 U.S.C. § 2244(d)(1). Even if the court struck down the affidavit, petitioner would be left with the fact that he did not file a timely request for leave to appeal his guilty plea conviction.

Petitioner argues that he is actually innocent of possession of child pornography. Petitioner bases this claim on a letter from an employee at Dell corporation which indicates that a hard drive was purchased in 2004. Petitioner asserts that the downloaded pornographic image was time dated in 2002, so that it must have been downloaded before he purchased the computer. The problem petitioner faces, however, is not the date that the image was downloaded, but the fact that he pleaded guilty to possessing the image. Petitioner never admitted at his plea hearing that he downloaded the image. In fact, he clearly stated that he did not download the image. Petitioner admitted that he knew the image was on his computer and he knowingly kept it or possessed it on his computer at least for an overnight period. The actual date that the image was downloaded was never relevant to petitioner's guilty plea. Petitioner was found guilty of possessing the image, not of downloading the image.

Moreover, petitioner procedurally defaulted his claims in the state courts under MCR 6.508(D). When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*,

264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 ( 2002). A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986)). This exception is reserved for a very narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

Petitioner first raised these issues in a motion for relief from judgment. The Michigan appellate courts denied petitioner's motion in form orders under "MCR 6.508(D)". Because these form orders are ambiguous as to whether they refer to procedural default or denial of relief on the merits, they are unexplained; therefore, we must look to the last reasoned state court opinion to determine the basis for the state court's rejection of petitioner's claim. *Guilmette v. Howes,* 624 F.3d 286 (6th Cir. 2010). In this case, the last reasoned opinion came from the trial court in the denial of petitioner's motion for relief from judgment. The trial court in denying petitioner's motion stated:

> MCR 6.508(D)(3) requires that the Defendant at this juncture establish good cause for not raising the issues he is now presenting by way of an appeal. Defendant simply states as his grounds for establishing good cause that there was ineffective representation of appellate counsel. There are absolutely no facts or details presented which would establish good cause and consequently Defendant is not entitled to pursue this matter by way of an MCR 6.500 motion.
>
> Even if the Defendant had established good cause, there is no showing of actual prejudice. The Defendant was convicted of knowingly possessing child sexually abusive material. It is Defendant's contention that a sufficient factual basis for this plea was never elicited at his plea taking. At the plea taking the Defendant acknowledge under oath that someone downloaded what appeared to be two young boys under the age of eighteen engaged in a sexual act.

> The Defendant stated that he did not download this picture onto his computer but after he discovered that, in fact, it had been downloaded onto his computer he did not promptly delete the picture but kept it on his computer for an extended time period of a day or two before he decided to delete it. The Defendant did state that, "I did have it knowingly for maybe a day, I think. I did it at night and seen it was on there. I think it was the next day when I actually deleted it." The Court inquired of the Defendant, "You are aware it was on there and you kept it on there?" To which the Defendant responded, "Yes, your Honor."
>
> These facts elicited from the Defendant while he was under oath is a sufficient factual basis establishing the elements of this offense.
>
> The Defendant raised additional arguments in his current motion for relief from judgment including an argument that he never saw nor deleted this photograph in that the activity occurred before he purchased the computer. This argument flies in the face of his admission at the time of taking the plea under oath. Defendant argues that his defense counsel should have done an independent investigation and discovered this fact as well; however, this would be inconsistent with Defendant's statements at the time he entered his plea.
>
> A review of the record indicates that the Defendant was advised of his constitutional rights and he knowingly and voluntarily waived those rights and entered his plea by providing the necessary factual basis to establish the commission of the offense.

In the opinion of the undersigned, petitioner has failed to show cause or prejudice for his procedural default of these issues. Moreover, each of petitioner's issues lacks merit especially in light of petitioner's knowing and voluntary guilty plea. To the extent that petitioner argues that the trial court erred by not establishing a proper factual basis for his guilty plea, petitioner has failed to raise a cognizable habeas claim. A state court is not required under the Constitution to establish a factual basis for a guilty plea. *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975). "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of

conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). Petitioner has not asserted that he made an involuntary guilty plea. Moreover, the record establishes that petitioner's guilty plea was made knowingly and voluntarily.

Petitioner's assertion that the prosecutor withheld the date that the image was downloaded fails to support a prosecutorial misconduct claim because the date the image was downloaded is not relevant to the fact that petitioner admitted to possessing the image. Further, petitioner's claim that his Fourth Amendment rights were violated because the search warrant was provided to find evidence of counterfeiting and not child pornography. Petitioner admits that the search of his computer took place with a warrant. The fact that the warrant was not issued to search the computer for child pornography is of no consequence. Law enforcement officers cannot ignore criminal activity discovered pursuant to a valid unrelated warrant. Moreover, petitioner's claim is subject to dismissal under the rule announced in *Stone v. Powell*, 428 U.S. 465 (1976). In *Stone*, the Supreme Court concluded that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 482.

In *Riley v. Gray*, 674 F.2d 522 (6th Cir.), *cert. denied*, 459 U.S. 948 (1982), the Sixth Circuit interpreted *Stone* as requiring the district court to make two distinct inquiries in habeas proceedings:

> Initially, the district court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. *Williams v. Brown*, 609 F.2d 216,

> 220 (5th Cir. 1980). Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism. *See Boyd v. Mintz*, 631 F.2d 247, 250 (3rd Cir. 1980); *Gates v. Henderson*, 568 F.2d 830, 840 (2nd Cir. 1977) (*en banc*), *cert. denied*, 434 U.S. 1038, 98 S.Ct. 775, 54 L.Ed.2d 787 (1978).

*Id.* at 526 (footnote omitted). The record reveals no reason why petitioner would have been prevented from raising his Fourth Amendment claim in the state courts if he chose to pursue such a claim. However, petitioner's Fourth Amendment claim completely lacks merit. Accordingly, in the opinion of the undersigned, petitioner is precluded from raising this claim under the rule announced in *Stone v. Powell*.

Finally, petitioner's ineffective assistance of counsel claims lack merit. To prevail on an ineffective assistance of counsel claim, a convicted defendant must demonstrate (1) that counsel's errors were so serious that counsel was not functioning as counsel guaranteed by the Sixth Amendment, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688-96 (1984). Stated another way, this court is to decide whether petitioner's trial counsel's alleged failures were such egregious errors as to constitute ineffectiveness and whether the alleged failures were materially prejudicial. The Sixth Circuit has explained:

> The question for reviewing courts is whether counsel's errors have likely undermined the reliability of, and confidence in, the result. *Lockhart v. Fretwell*, 113 S.Ct. 838, 842-43 (1993). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Strickland*, 466 U.S. at 691, *quoted in Smith v. Jago*, 888 F.2d 399, 404-05 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). In evaluating petitioner's claim, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise

> would probably have won." *United States v. Morrow*, 977 F.2d 222,
> 229 (6th Cir. 1992) (*en banc*), *cert. denied*, 113 S. Ct. 2969 (1993).
> Thus, the determinative issue is not whether petitioner's counsel was
> ineffective but whether he was so thoroughly ineffective that defeat
> was "snatched from the jaws of victory." *See id.*

*West v. Seabold*, 73 F.3d 81,84 (6th Cir. 1996). Petitioner pleaded guilty to possession of child pornography. There exists no evidence that trial counsel was ineffective. Moreover, appellate counsel was not ineffective. Appellate counsel had no appealable issue to present to the Michigan appellate courts that could have provided any basis for relief.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of Petitioner's claims are properly dismissed based upon the one year limitations period and procedural default. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Moreover, Petitioner's claims clearly lack merit. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
    TIMOTHY P. GREELEY
    UNITED STATES MAGISTRATE JUDGE

Dated: June 29, 2012