UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH HARRISON,

    Petitioner,

v.                                            Case No. 2:10-cv-188
                                                HON. R. ALLAN EDGAR

CATHERINE BAUMAN,

    Respondent.
_____/

**MEMORANDUM AND ORDER**

        Kenneth Harrison brings a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the validity of his Michigan conviction for possession of child sexually abusive material in violation of M.C.L. § 750.145c(4)(A) pursuant to his guilty plea. Magistrate Judge Timothy P. Greeley has submitted his report and recommendation. [Court Doc. No. 39]. It is recommended that the habeas petition, as amended and supplemented by Harrison, be denied and dismissed with prejudice, and that a certificate of appealablity be denied under 28 U.S.C. § 2253(c)(2).

        Harrison raises objections to the report and recommendation. [Court Doc. No. 46]. After reviewing the record *de novo*, the Court finds that his objections are without merit and do not preclude the dismissal of the habeas petition for the reasons expressed in the report and recommendation.

        The Court concludes that all of the habeas claims are time-barred by the one-year statute of limitation in 28 U.S.C. § 2244(d)(1)(A) and barred by procedural default. Harrison fails to meet his burden of showing that he is entitled to equitable tolling of the statute of limitation. Harrison also

fails to meet his burden of establishing cause and prejudice to excuse or overcome the procedural default. He does not have a credible claim of actual (factual) innocence based on any new reliable evidence. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Patterson v. Lafler*, 455 Fed. Appx. 606, 609 (6th Cir. 2012); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). Harrison has not presented any new reliable evidence showing that he is actually innocent on the charge of possession of child sexually abusive material in violation of M.C.L. § 750.145c(4)(A). The record shows that Harrison entered a knowing and voluntary plea of guilty to violating M.C.L. § 750.145c(4)(A), and there was a valid factual basis to support his guilty plea.

Furthermore, even if we assume *arguendo* that the habeas claims are not time-barred by the one-year statute of limitation in 28 U.S.C. § 2244(d)(1)(A) and not barred by procedural default, the habeas claims must be dismissed for an alternative reason. All of the habeas claims, including Harrison's claims that he was deprived of effective assistance of counsel at the trial level and on appeal in the Michigan state courts in violation of the Sixth Amendment to the United States Constitution, are entirely without merit.

Harrison raises two basic objections to the report and recommendation.

**I.**     **First Objection**

Harrison says that the Michigan state courts dismissed his claims of ineffective assistance of counsel on the basis that his guilty plea was valid and "unassailable" since the record contains sufficient facts and evidence establishing his guilt. He complains that the Michigan courts failed to meaningfully consider the events that lead up to him pleading guilty plea. Harrison further contends that the Magistrate Judge in this habeas proceeding has erred by merely relying on the decisions of the Michigan courts and by failing to consider the core of Harrison's ineffective counsel claims regarding his decision to plead guilty. In a nutshell, Harrison claims that his counsel was ineffective

for advising him to plead guilty to violating M.C.L. § 750.145c(4)(A) and failing to pursue an alleged obvious, viable defense.

Harrison's first objection to the report and recommendation fails. After reviewing the record *de novo*, this Court concludes that there is no violation of his Sixth Amendment right to effective assistance of counsel regarding his guilty plea. The Sixth Amendment claim of ineffective assistance of counsel is properly denied. Harrison entered a knowing and voluntary plea of guilty to violating M.C.L. § 750.145c(4)(A), and there was a valid factual basis to support his guilty plea.

The Court rejects Harrison's contention that his trial counsel failed to pursue an alleged obvious, viable defense and acted unreasonably in advising him to plead guilty to the charge of possession of child sexually abusive material in violation of M.C.L. § 750.145c(4)(A). The bottom line is that Harrison did not have a viable defense to the criminal charge.

The Sixth Amendment ineffective counsel claim fails and must be dismissed because Harrison cannot satisfy either prong of the *Strickland* test. *Strickland v. Washington*, 466 U.S. 668, 688-96 (1984). Harrison has not met his burden of showing that his attorney's performance was unreasonable or deficient, and caused him to suffer actual prejudice. Harrison cannot show there is a reasonable probability that, but for his attorney's alleged errors and deficient performance, the result of the criminal case would have been different and more favorable to Harrison.

**II.    Second Objection**

For his second objection, Harrison focuses on the following statement of facts in the first paragraph on the first page of the report and recommendation:

> Petitioner Kenneth Harrison filed this petition for writ of habeas corpus challenging his conviction for possession of child sexually abusive material in violation of § 750.145(C)(4)(A). Petitioner pleaded guilty and was sentenced to 18 months to 4 years. That sentence expired on January 22, 2011. Petitioner is no longer held in prison on that con-

3

>viction. Petitioner was convicted on four unrelated charges involving counterfeiting notes and currently has a maximum discharge date of December 5, 2026, on those unrelated convictions.

[Report and Recommendation, Court Doc. No. 39, p. 1].

Harrison does not contend that this statement of facts in the report and recommendation is incorrect. Rather, his objection is predicated on the false premise that the Magistrate Judge is recommending the habeas petition be denied as moot because Harrison has completed serving his sentence of imprisonment on the Michigan conviction for possession of child sexually abusive material in violation of M.C.L. § 750.145c(4)(A). Harrison makes the following objection:

> 18. As it relates to the Magistrate Judge's decision to deny the instant writ for habeas corpus as MOOT because Petitioner has already served the <u>maximum</u> term imposed by state law and therefore Petitioner now labors under a different prison term, or another unrelated case, Petitioner takes exception on the basis that the great writ is not <u>limited</u> to retroactive relief in the form of release, but that under the great writ Petitioner is also entitled to prospective relief in the form of having an unconstitutional conviction removed from his criminal history, especially where such a conviction carries with it multiple stigmas, in this case CSC, <u>requiring</u> Petitioner to register as a sex offender, clearly making home placement and employment opportunities that much more difficult to obtain when Petitioner is finally released [from imprisonment].
>
> 19. As it is, Petitioner currently suffers antagonistic behavior from both other prisoners and [prison] staff <u>because</u> of the present unconstitutional conviction for CSC, where the Michigan Department of Corrections specifically designates Petitioner as a CSC offender.
>
> 20. For these reasons, Petitioner's writ for habeas corpus must not be dismissed as moot, but should instead be reviewed for prospective relief in the form of <u>correcting</u> Petitioner's criminal history and Michigan Department of Corrections institutional records. (Emphasis in original).

[Petitioner's Objections to Report and Recommendation, Court Doc. No. 46, pp. 5-6].

This second objection fails and must be denied because it is based on a false premise. The Magistrate Judge's report and recommendation does not make any finding or recommendation that

4

Harrison's habeas petition should be denied as moot. Mootness is simply not an issue here. Although Harrison has completed serving his sentence of imprisonment on the Michigan conviction for violating M.C.L. § 750.145c(4)(A), this does not render his habeas petition moot because there are continuing collateral consequences that flow from the conviction. *Spencer v. Kemna*, 523 U.S. 1, 8 (1998); *Gentry v. Deuth*, 456 F.3d 687, 693-94 (6th Cir. 2006); *Abela v. Martin*, 380 F.3d 915, 921 (6th Cir. 2004); *Green v. Arn*, 839 F.2d 300, 301-02 (6th Cir. 1988). In sum, this Court is not denying Harrison's habeas petition under 28 U.S.C. § 2254 as moot.

### III.   Conclusion

Accordingly, Harrison's objections to the Magistrate Judge's report and recommendation [Court Doc. No. 46] are DENIED. The Court ACCEPTS and ADOPTS the report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.3(b). The habeas petition brought under 28 U.S.C. § 2254 is DENIED and DISMISSED WITH PREJUDICE. The request by Harrison for an evidentiary hearing is DENIED.

If Harrison files a notice of appeal, it will be treated as an application for a certificate of appealability which shall be DENIED pursuant to 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1); and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) for the same reasons expressed in the report and recommendation. Reasonable jurists could not find it debatable that each and every one of Harrison's habeas claims are properly dismissed. A separate judgment will be entered.

SO ORDERED.

Dated:  August 7, 2012.

                                                             /s/   R. Allan Edgar
                                                             R. ALLAN EDGAR
                                          UNITED STATES DISTRICT JUDGE